IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 12-20083-12-KHV |
| ) | |
| WAYNE SWIFT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Notice Of Potential Eligibility For Early Termination Of Supervised Release (Doc. #2652) filed August 1, 2019. For reasons stated below, the Court terminates defendant's remaining term of supervised release.

**Factual Background**

On January 24, 2013, defendant pled guilty to conspiracy (1) to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine, (2) to manufacture, to possess with intent to distribute and to distribute 1,000 kilograms or more of marijuana and (3) to maintain a drug-involved premises. See Sealed Superseding Indictment (Doc. #462) filed October 31, 2012, Count 1; Plea Agreement (Doc. #704) ¶ 1. On January 27, 2015, the Court sentenced defendant to 67 months in prison and 36 months of supervised release. See Judgment In A Criminal Case (Doc. #1749) at 2. The Court also ordered that defendant, jointly and severally with his co-defendants, pay a criminal forfeiture judgment of $16,985,250. See id. at 6; Preliminary Order Of Forfeiture And Imposition Of Forfeiture Money Judgment (Doc. #972) filed May 1, 2013 at 1-2.

In May of 2017, defendant began his term of supervised release. On August 1, 2019,

defendant filed a notice of potential eligibility for early termination of supervised release.

## Analysis

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  The government does not dispute that defendant appears to have done well on supervision but notes that he has not made any effort to satisfy the outstanding criminal forfeiture judgment.  See Government's Response To Defendant's Notice Of Potential Eligibility For Early Termination Of Supervised Release (Doc. #2658) filed August 16, 2019 at 4 ("Certainly, the Government would not oppose early termination should the defendant agree to and commence to making regular secured monthly payments.").

In determining whether early termination of supervision is warranted, the Court broadly considers the "conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  As part of this determination, the Court may consider defendant's failure to make any effort to pay a forfeiture judgment.[1]  See Rhodes v. Judiscak, 676 F.3d 931, 934 (10th Cir. 2012) (sentencing court has "broad discretion" to grant or deny termination of supervised release).

Defendant notes that in the cases of at least three co-defendants who did not pay forfeiture judgments, the Court granted early termination of supervised release.  See Notice Of Potential

---

[1] In guidance to probation officers, the Judicial Conference of the United States has adopted the position that an "outstanding financial penalty *per se* does not adversely affect early termination eligibility as long as the offender has been paying in accordance with [a] payment plan."  Guide to Judiciary Policy, Vol. 8, Part E, Ch. 3 § 380.10(c), Monograph 109; see Report Of The Proceedings Of The Judicial Conference Of The United States at 14 (Mar. 15, 2005) (approving Monograph 109), available at www.uscourts.gov/file/2151/download.  The guidance does not specifically explain whether the phrase "financial penalty" encompasses forfeiture judgments.

Eligibility For Early Termination Of Supervised Release (Doc. #2652) at 11 (citing cases of Samuel Villeareal III, Daniel Siever and Jacob Forbes); Reply To Government's Objection To Early Termination Of Supervised Release (Doc. #2661) filed August 30, 2019 at 1.  The government explains that it did not oppose early termination in these three cases because defendants "were short-term, low-level defendants, each involved with smaller quantities of high-grade marijuana, and involved in the conspiracy for a considerably shorter period of time." Government's Response To Defendant's Notice Of Potential Eligibility For Early Termination Of Supervised Release (Doc. #2658) at 1 n.1.  While defendant received a significantly longer term of imprisonment than the three co-defendants (67 months compared to time served), his term of supervised release of three years is the same as the term for Villeareal and Havener and less than the term of five years for Forbes.  The government has not adequately explained why it objects to the termination of supervised release here based solely on the non-payment of the forfeiture judgment but did not raise a similar objection in the other cases.  Because the government did not raise the non-payment of the forfeiture judgment in cases of co-defendants with similar supervised release terms, the Court gives little weight to its objection based on defendant's failure to pay the outstanding forfeiture obligation.

The Court has considered the applicable factors set forth in 18 U.S.C. § 3553(a) and the positions of the United States Attorney and the United States Probation Office.  For substantially the reasons stated in defendant's Notice Of Potential Eligibility For Early Termination Of Supervised Release (Doc. #2652) and defendant's Reply To Government's Objection To Early Termination Of Supervised Release (Doc. #2661), the Court finds that pursuant to 18 U.S.C. § 3583(e)(1), defendant's term of supervised release should be terminated.

**IT IS THEREFORE ORDERED that the Court terminates the remaining term of**

**defendant's supervised release.    Defendant is discharged.**

    Dated this 16th day of September, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
